J. H. TURNER v. R. E. BROOKS AND J. C. PENN.

No. 139.

1. Venue — Jurisdiction of County Court- -Transfer of Claim.— The petition showed that Brooks and Penn had a cause of action against Turner in amount sufficient to give jurisdiction to the County Court.   Penn had sold his half of the claim to Brooks, and guaranteed payment of $125.   In suit by Brooks, Penn was a proper party.   The statute allowing suit in the county of the residence of one of several defendants makes no distinction as to the character of his liability, whether primary or as security.

2. Jurisdiction.—The fact that Penn's liability was only $125, and not in itself within the jurisdiction of the County Court, would not deprive the County

Court of jurisdiction of his liability, the amount of the entire liability being sufficient to give the court jurisdiction. Suit could be brought in the county of Penn's residence. The court having jurisdiction of the entire claim, had it as to the part guaranteed by him.

3. **Collusion to Give Jurisdiction.** — The transfer and guaranty being genuine, and for a valuable consideration, the effect of giving jurisdiction in the court of Penn's residence would not be affected, although the object in part was to confer such jurisdiction. The transaction was not a fraud upon the jurisdiction.

4. **Damages for Breach of Contract.**—Agreement for purchase of land was made and signed. The purchasers made an advance payment. The vendor refused to carry out the sale by adding onerous terms. *Held*, that the sale failing, the vendor was liable for the difference in the value as agreed upon and the actual value of the land the subject of the contract, at least for the advance payment.

APPEAL from the County Court of Williamson. Tried below before Hon. D. S. CHESHER.

J. H. Turner, for appellant.—1. The court must first have jurisdiction over the resident defendant before it can acquire jurisdiction over a non-resident by joining the resident defendant in the suit. If it has no jurisdiction over the amount claimed against the resident defendant, the amount claimed against the nonresident will not give the jurisdiction. Rev. Stats., art. 1198, sec. 4, and note.

2. One joint owner of an unliquidated demand can not transfer his interest to the other, and by guaranteeing the payment of a less amount than the court has jurisdiction of, thus give the court jurisdiction of non-residents against whom they claimed the joint demand. "No evasion or artifice will avail to defeat a party's right to be sued in the county of his residence." Pool v. Pickett, 8 Texas, 122; Railway v. Mangum, 68 Texas, 348; Stewart v. Gordon, 65 Texas, 347; Galbreath v. Atkinson, 15 Texas, 23; Keabadour v. Weir, 20 Texas, 255.

Cochran & Brooks, for appellees. — 1. Jurisdiction is determined in this instance by the residence of the parties and the amount in controversy. Our system of jurisprudence abhors a multiplicity of suits, and all parties having a substantial interest in the subject matter should be made parties. Suit may be brought in the county of the residence of either of the defendants, and the whole amount in controversy determines what court has jurisdiction, and not the amount claimed against any one of the defendants. Rev. Stats., art. 1198, sec. 4; Graves v. Bank, 77 Texas, 555; Milliken v. Callahan County, 69 Texas, 205; Hamilton v. Wilkerson, 1 W. & W. C. C., sec. 556; Pome. on Rem., secs. 112, 247, 249; Vogelsang & Bro. v. Mensing & Bro., 1 W. & W. C. C., sec. 1165; Clegg v. Varnell, 18 Texas, 304; Teas v. McDonald, 13 Texas, 349.

2. The measure of damage upon a breach of contract for the sale of

land is the difference between the contract price and the market price at the time such contract should have been consummated. Evidence of the sale of property similarly situated at the same time, as also evidence of the sale of the particular property in controversy at said time, is admissible as tending to show what was the market price. Kempner v. Heidenheimer, 65 Texas, 587; Kirkpatrick v. Downing, 68 Mo., 32; Hopkins v. Lee, 6 Wheat., 109; Hammond v. Hannin, 4 Am. Rep., 490.

COLLARD, ASSOCIATE JUSTICE.—This is a suit brought by the appellee R. E. Brooks against J. H. Turner, R. E. Huff, and appellee J. C. Penn, in the County Court of Williamson County; plaintiff alleged to be a resident of Williamson County, defendant Turner alleged to be a resident of Rusk County, Huff of Wichita County, and Penn of Williamson County.

It is alleged in the original petition, that on the 5th day of February, 1890, Turner, by his agent, Huff, by contract in writing, sold to plaintiff and Penn lots 8 and 9 in block 150 in the town of Wichita Falls; Huff at the time executing to the vendees the following receipt or contract of sale:

"WICHITA FALLS, February 5, 1890.

"Received of John C. Penn and R. E. Brooks $250 on sale of lots 8 and 9, block 150, town of Wichita Falls, Texas, sold to them for $2750, $1000 cash, $875 in six months, and $875 in twelve months, with interest at 10 per cent, grantees to pay taxes of 1890.

[Signed]                                  "ROBT. E. HUFF,
                                          "Agent of J. H. Turner."

This instrument is declared on as a contract to sell the lots to Brooks and Penn upon the terms stated therein; and it is alleged, that at the time the contract was entered into Brooks and Penn paid to Huff, agent, $250, to be applied on the cash payment, defendant Huff asking a few days to get the deed signed by Turner, who lived at Rusk, Texas, which was granted by the vendees. That in the meantime Brooks and Penn had made a contract of sale of the lots to William R. Emery and John A. W. Kinse, for $3000, to be paid $1250 cash, and they to assume payment of the two notes for $875 each to Turner; Huff being fully apprised of such sale at the time of his contract for Turner with Brooks and Penn. That afterward, Huff received a deed to the premises from Turner, with instructions to deliver the same to Brooks and Penn according to the contract, at which time, to-wit, on the 20th day of February, 1890, they made a tender to Huff of $750, the balance of the cash payment, and their two notes for $875 each, due in six and twelve months, with interest at 10 per cent, and at the same time demanded the deed then in Huff's possession. That Huff, with intent to defraud plaintiff and Penn, and to appropriate the $250 paid him to his own use, refused to accept the bal-

ance due on the purchase and the notes from Brooks and Penn, or to carry out the contract.

It is alleged, that plaintiff and Penn made a second tender of the cash payment and the notes, on the 21st day of February, 1890, and demanded the deed, and Huff again refused compliance. Thereupon Brooks and Penn demanded the $250 paid Huff, which he refused to pay or return, to damage $250. That thereafter, Turner, with full knowledge of the facts stated, received from Huff $125 of the $250, and ratified the acts of Huff, to plaintiff's damage $500.

It is further alleged, that Penn, for a valuable consideration, transferred his one-half of the claim of $500 against Turner and Huff to the plaintiff Brooks, and in writing guaranteed the payment thereof to the extent of $125 with interest, whereby Penn became liable to the plaintiff for the amount. Refusal by defendants to pay any part of the amount is alleged, wherefore plaintiff prays for judgment, etc., according to the liabilities set out.

Turner and Huff filed sworn pleas to the jurisdiction of the court, on the ground of their residence, and that the court had no jurisdiction of the amount claimed against Penn ($125), which were overruled. They presented demurrers to the petition upon the same ground, which were overruled. Turner excepted to the petition, because it alleged that he had made the deed and instructed Huff to deliver it, which he refused to do, for the purpose of appropriating the $250 to his own use, and no cause of action was shown against Turner.

Defendants answered, that the transfer of the account by Penn to Brooks was colorable only, and was made for the purpose of giving jurisdiction to Williamson County.

There were verdict and judgment for plaintiff against Turner for $306.34, and against Penn as guarantor for $125 of the amount, and in favor of Huff. Turner has appealed.

It is insisted by the appellant, by his first proposition under the first assignment of error to the action of the court in overruling the exceptions and plea to the jurisdiction of the court, that the court must first have jurisdiction over the resident defendant before it can acquire jurisdiction over a nonresident joined in the suit.

The proposition assumes that the court had no jurisdiction over Penn. The petition shows that plaintiff and Penn had a cause of action against Turner and Huff in amount sufficient to give jurisdiction to the County Court; that Penn had sold his half of the claim to plaintiff Brooks, and guaranteed the payment of it to the amount of $125. Penn was a proper party. The statute allowing suit to be brought in the county of the residence of one defendant makes no distinction as to the character of his liability, whether primary or as security. Rev. Stats., art. 1198, sec. 4.

He must be a proper or necessary party, and not a fictitious party. Christie v. Gunter, 26 Texas, 700; Holloway v. Blum, 60 Texas, 625.

But the makers of a promissory note may be sued in the precinct of the endorser, and a plea of nonresidence of the makers in the precinct of suit is not good unless it denies the jurisdiction over the endorser. Graves v. Bank, 77 Texas, 555.

The fact that Penn's liability as guarantor was only $125, and not of itself within the jurisdiction of the court, would not deprive the court of jurisdiction of his liability, the amount of the entire liability sued on being sufficient to give the court jurisdiction. It could not be held that plaintiff would be compelled to sue the principals for the $250 or $500 in the County Court, and after judgment sue the guarantor in the Justice Court. Even when a counter-claim is set up which exceeds the jurisdiction of the court, it controls jurisdiction, and the court can not act.    1 W. & W. C. C., sec. 273.

The larger amount involved will control jurisdiction.

Under the pleadings, the court had jurisdiction of the entire claim amount, and as a consequence had jurisdiction of the part guaranteed by Penn.    Hamilton v. Wilkerson, 1 W. & W. C. C., secs., 556, 1165.    The suit was properly brought in the county of Penn's residence.

The averment in the answer, that the purpose of the transfer was to confer jurisdiction, and that the transfer was fictitious, can not be sustained.    Without dispute, the evidence shows that the transfer and guaranty were genuine and for a valuable consideration, and though the object, in part, was to give jurisdiction to Williamson County, the transfer being valid and binding, therefore was not a fraud upon the court's jurisdiction.

It was not error to overrule appellant's exception to the petition, upon the ground that it alleged that Turner had prepared the deed and sent it on to Huff to deliver, and that he, Huff, refused to deliver it, with intent to appropriate the $250 to his own use.    It is also alleged, that Turner, with full knowledge of the facts, received $125 of the amount, and ratified the acts of the agent.

It is insisted that the court erred in refusing to instruct the jury, as requested by Turner, to the effect, that if Brooks and Penn did not assent to the terms of the contract, as stated in the deed and letter sent by Turner to Huff, and if Turner did not assent to the contract sued on, plaintiff could not recover for any amount of money paid by Brooks and Penn to Huff.    The deed sent by Turner to Huff to deliver to Brooks and Penn states as a consideration substantially the same terms as the receipt given by Huff, which shows that he had consented to the sale made by Huff. The deed was not different in any material respect from the receipt.    Turner directed his agent to insert in the notes an additional obligation of the payees to pay attorney fees in case of suit on the notes, which was done,

and Brooks and Penn offered to comply, but the agent refused, because of a maturity clause in the notes different from the receipt.

But apart from this, Turner would be liable for the amount paid to Huff, if in fact there was no assent of the parties to the contract. The fact that there was no assent to the contract, or, in other words, that there was no consummation of the contract upon the terms proposed by either side, would furnish the best reason why Turner should not keep the money of Brooks and Penn. The evidence does not explain why he allowed his agent to retain one-half of this payment, nor does it show that he did not know the agent had received the amount. His receiving the money bound him to return it, if there was no assent to the contract.

There was no error in allowing plaintiff to prove that he and Penn, during the time the sale was pending, sold the lots for $3000, a profit of $250. The evidence was not offered to recover profits, and was not admissible for that purpose, there being no allegation of such damages, and the proof failing to show that Turner knew of such sale, though Huff is shown to have known it. The testimony was offered, and was legitimate, upon the question of the value of the lots. The measure of damage for the breach of the contract was the difference in the value and the price to be paid by Brooks and Penn. The jury only allowed about $50 as damages for the breach of the contract, not the profits lost.

We do not find that there was reversible error in the court's charge directing the jury to find for plaintiff the $250 paid Huff in any event. Under the facts, the charge was proper. There is no doubt but that Turner and Huff refused to comply with the contract made by Huff as Turner's agent when he received the money—refused by adding obligations to the agreement not in the contract with Huff; there is no doubt but that Brooks and Penn offered full compliance according to that original contract, which was rejected. This breach of the contract, or failure to fully consent to it, and his stipulating other onerous terms, gave Brooks and Penn the right to declare the original contract at an end, and gave them the right to decline making the contract as proposed, in which case they were entitled to at least the amount of money advanced on the original contract. Had this been the only question, the court should have directed the jury to find for the plaintiff the amount paid.

We are of opinion that the justice of the case has been attained, and that there is no reversible error in the proceedings.

The judgment is therefore affirmed.

*Affirmed.*

Delivered February 22, 1893.