## John Dixon v. The State.

### No. 3583. Decided November 9, 1906.

**Adultery—Charge of Court—Death of First Wife.**

Where upon trial for adultery the evidence showed that defendant's wife had not been living with him for six or seven years at the time of the second marriage, and it was understood that she had died, the court erred in refusing defendant's charge that it was necessary for the State to prove that defendant's first wife was still living before defendant could be found guilty; this fact being alleged in the information.

Appeal from the County Court of Gregg. Tried below before the Hon. Edwin Lacy.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*Howard & Cunningham,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—At a former day of the term the judgment herein was affirmed, without considering the facts. The record at that time failed to show that the order for twenty days after adjournment of the term was allowed in which to file statement of facts; which defect has been supplied in connection with appellant's motion for rehearing, showing that it was an omission on the part of the clerk in making up the transcript. The motion for rehearing is granted, and the case will be reviewed upon its merits.

Appellant was charged with living in adultery with Alice Holmes, while "then and there lawfully married to another person, to wit: Ruthie Dixon," and the information further charges that Ruthie Dixon was then living. Bearing upon this question, the facts show that appellant and Ruthie Dixon were married about eight or nine years prior to the trial; that they lived together for awhile, when she left appellant and went away, as the witness says, "She drifted around the country for five or six months," after which she went to Louisiana and had not been heard of definitely with the exception that one or two of the witnesses state that they heard she had died. Witness Jones (the minister who performed the ceremony) states that he had a conversation with the father of Ruthie Dixon about a week or two before the trial and was informed by him that he had heard that Ruthie was dead; and that he had not heard from her by letter; or otherwise, except that she was dead. This is about the substance of the evidence. She had been absent from the State about six to seven years.

Appellant requested the court to charge the jury that it was necessary for the State to show defendant's wife, Ruthie Dixon, was living on the 1st of October, 1905, and had been alive during the time covered

by the statute of limitations. In other words, if she was dead at the date of the acts charged constituting the offense, that there could be no prosecution. We believe this charge should have been given. Under the allegations contained in the information it was necessary for the State to prove that appellant, at the time of the adulterous intercourse with Alice Holmes, was then married to Ruthie Dixon, and that Ruthie Dixon was still living: otherwise the allegations in the information would not be proved and the case would not be made out. The State's case shows that appellant married Ruthie Dixon, and she had remained with him for a while, and left him, and went to Louisiana, where, among her family it was understood, she died: at least such was the statement of her father. She evidently had not been living with appellant for six or seven years and had been traced out of the State shortly after their marriage. If from the evidence the jury should find that Ruthie Dixon was dead at the time covered by the adulterous intercourse, then he would not be guilty and he should have been acquitted. Because this special charge was not given on that phase of the case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*