Houston Rice Milling Company v. Wilcox & Swinney.

Decided February 16, 1907.

**1.—Plea of Privilege—Burden of Proof.**

It devolves on the one presenting a plea of privilege to establish its material averments.

**2.—Venue—Place of Performance.**

Where the defendant, a private corporation, having its domicile in Harris County, contracted in Harris County with the plaintiffs, doing business in Chambers County, to furnish supplies to parties in Chambers County, and the supplies were so furnished in Chambers County, a suit upon open account for the supplies furnished was properly brought in Chambers County.

**3.—Date in Pleading—Mistake.**

Where a date given in the pleading is clearly a clerical mistake and is corrected by other parts of the record the court properly ignored such mistake in rendering judgment.

Appeal from the County Court of Chambers County. Tried below before Hon. W. B. Gordon.

*Marshall & Marshall,* for appellant.—The cause of action in this case consisted of the promise to pay, and of the refusal of appellant to pay, the account of B. M. Birch, and both promise and refusal were made in Harris County, Texas. Frost v. Witter, 84 Am. St. Rep., 53; Wilson v. Adams, 15 Texas, 324; Lindheim v. Muschamp, 72 Texas, 33; Little v. Woodbridge, 1 W. & W. C. C., sec. 152.

The allegata and probata must conform. And the petition having declared upon an account between October 3, 1904, and October 10, 1904, and expressly declared such pleadings in lieu of pleadings in the Justice Court, the account filed in the Justice Court was no part of the pleadings in the County Court, and evidence admitted of account other

than between the dates declared on in the pleadings was a fatal variance. Ramsey v. McCauley, 2 Texas, 191; Riverside Co. v. Lee, 7 Texas Civ. App., 522; Mimms v. Mitchell, 1 Texas, 447; Lemmon v. Hanley, 28 Texas, 227; Shipman v. Fulcrod, 42 Texas, 249.

*Stevens & Pickett* and *J. F. Dabney,* for appellees.

GILL, Chief Justice.—The firm of Wilcox & Swinney sued the Houston Rice Milling Company, a private corporation, to recover $152 on open account. The suit was brought in Chambers County.

A plea of privilege was interposed by the defendant asserting the right to be sued in Harris County, its corporate domicile. It was heard and overruled, and on the merits plaintiffs had judgment both in the Justice and County Courts and defendant has appealed the cause to this court for revision.

The record sustains the following findings of fact: Wilcox & Swinney were merchants residing and doing business at Anahuac in Chambers County. The farmers in the neighborhood of Anahuac were largely engaged in rice culture and the Houston Rice Milling Company was engaged in furnishing and making advances to many of them with a view to purchasing or milling and selling their rice when ready for market. In January, 1904, the defendant authorized the plaintiffs to furnish the rice farmers in that community with their necessary supplies and charge to its account. This contract seems originally to have been made in Houston, Harris County. The plaintiffs proceeded under this authority to supply certain rice farmers, one Birch being among the number, and to send monthly statements to defendants. This course was pursued from February until August, inclusive, when the general agent of defendant went to Anahuac and struck certain names off the list which was being furnished, but left Birch's name on. Plaintiffs continued to furnish him from October 3 until November 10 when defendant repudiated its liability, whereupon this suit was brought in Chambers County.

Defendant contends that the trial court erred in overruling the plea of privilege, first, because no part of the cause of action arose in Chambers County, and second, because it did not appear that Anahuac, where the goods were furnished, was in Chambers County.

The point is without merit. It devolved on the one presenting the plea of privilege to establish its material averments, and this defendant failed to do. If it be a just criticism of the record to say it does not fairly appear that Anahuac, the place where the contract was to be performed, was in Chambers County, yet that point was the place of performance and defendant has not discharged the burden of proof to show that it was not in Chambers County. Plaintiff's cause of action consisted of his compliance with his part of the contract and the defendants promise to pay. Thus a part of it arose at Anahuac. The contract was executory. (Houston & T. C. Ry. v. Hill, 63 Texas, 383; Mangum v. Lane City Rice Milling Company, 95 S. W. Rep., 607.) The case of Lindheim v. Muschamp, 72 Texas, 33, decides a different question under a different section of the venue statute.

Plaintiff complains that the court erred in rendering judgment for a

greater sum than $5.05, the amount which accrued from October 3 until October 10, 1904, because the pleadings restrict the recovery to those dates. In the County Court the plaintiffs filed written pleadings in lieu of all pleadings in the Justice Court in which they repeatedly referred to the sworn itemized account filed in the Justice Court as a basis for the suit, and brought up to the County Court with the justice's transcript. The itemized account referred to covered dates from October 3 to November 10, inclusive, and the use of the date "Oct. 10" is clearly shown to have been a clerical error which, in the light of the sworn account referred to, could not have misled the defendant.

We do not consider it necessary to discuss in detail the other assignments or to answer in detail the points made by counsel in support of those above mentioned. We think the cause was tried without material error and that the judgment is supported by the record. Affirmed.

*Affirmed.*