## KELL MILLING CO. v. BANK OF MIAMI.

(Court of Civil Appeals of Texas. Amarillo. March 1, 1913. On Motion for Rehearing, March 22, 1913.)

**1. CORPORATIONS (§ 503*)—ACTIONS—VENUE.**

Under Rev. Civ. St. 1911, art. 1830, § 24, providing that suits against a private corporation can be commenced in any county in which the cause of action arose, an action against a corporation on an account, for grain purchased was properly brought by an assignee of the account in the county in which the grain was purchased, and the draft was drawn by the seller on the buyer, though the buying corporation had residence in another county.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1935–1939, 1942–1946; Dec. Dig. § 503.*]

**2. APPEAL AND ERROR (§ 1062*)—HARMLESS ERROR—INSTRUCTIONS.**

Where an action against a corporation was properly brought in the county of the venue because a part of the cause of action arose therein,·any error in submitting the issue of venue, as well as the question of fraud in transferring the cause of action, became immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

**3. VENUE (§ 27*)—FRAUDULENT TRANSFER OF ACTION.**

It could not be claimed that a cause of action on an account was fraudulently transferred for the purpose of changing the venue to the county in which the transferee brought suit thereon, where the transfer was for a valuable consideration.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. § 27.*]

**4. EVIDENCE (§ 166*) — BEST· EVIDENCE — BOOKS OF ACCOUNT.**

As a rule, original books of entry are the best evidence as to the items of a book account.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 556,·557; Dec. Dig. § 166.*]

**5. TRIAL (§ 85*)—RECEPTION OF EVIDENCE—OBJECTIONS — GENERAL OBJECTION — EVIDENCE ADMISSIBLE IN PART.**

Where the testimony of a witness for appellee, who testified from a copy, as to the items of the account which he had kept in books, the books not being produced or accounted for, showed that he had an independent recollection as to certain items in the account, appellant should have cross-examined witness, so as to separate the items, based up-

on his independent recollection from those based upon the books, and object to the latter; an objection to all of his testimony not being good.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. § 85.*]

**6. TRIAL (§ 85*)—RECEPTION OF EVIDENCE—OBJECTIONS — GENERAL OBJECTIONS — EVIDENCE ADMISSIBLE IN PART.**

Where only a part of the evidence is inadmissible; a general objection to the whole· of the evidence is insufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 223–225; Dec. Dig. § 85.*]

On Motion for Rehearing.

**7. APPEAL AND ERROR (§ 712*) — RECORD — STENOGRAPHER'S NOTES.**

A stenographer's notes, containing the detailed proceedings of the trial, are not properly ʼa part of the appellate record, and cannot be considered by the court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2951–2955; Dec. Dig. § 712.*]

**8. TRIAL (§ 105*)—RECEPTION OF EVIDENCE—OBJECTIONS—WAIVER.**

Failure to object to the whole of an account, when it was actually introduced in.evidence, waived an insufficient objection previously made to certain items of the account.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

Appeal from Roberts County Court; J. E. McKinney, Judge.

Action by the Bank of Miami against the Kell Milling Company and others, From a judgment for plaintiff, defendant named appeals. Affirmed.

Ewing & Dial, of Miami, for appellant. J. A. Holmes, of Miami, and B. M. Baker, of Canadian, for appellee.

HENDRICKS, J. ·This is a suit instituted by the Bank of Miami, a banking copartnership, against the Kell Milling Company, a corporation, and S. M. Bird. S. M. Bird, with one D. B. Darby, constituted the Chillicothe Grain Company, which had entered. into an agreement with the Kell Milling Company, by virtue of which S. M. Bird was to buy grain at Miami, Roberts county, Tex., and ship it to the Kell Milling Company, at Vernon, Tex., which company was to finance the buying of the same and elevate it in their elevator at Vernon. Under this agreement, a certain amount of grain was purchased by Bird, during the year 19—, and shipped under the contract, by the terms of which. the Chillicothe Grain Company was to receive a certain amount per bushel for some of the grain, and a certain amount per hundredweight upon other grain, in excess of the cost, the Kell Milling Company to pay the drafts attached to the bills of lading drawn for the complete amounts; said company, however, to receive a certain amount per bushel for financing the transaction. and the profits thereafter to be divided. Under this contract, Bird shipped seven cars of grain to the defendant milling company, and drew

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

upon that company, the drafts, however, going to protest; and, as a result of these transactions, the Chillicothe Grain Company claimed a balance against the milling company upon the accounts between them for the sum of $857.54; Darby's interest in said account was transferred to Bird; and Bird transferred the same and guaranteed its payment to the Bank of Miami; and, upon a trial to a jury, a verdict was rendered against the Kell Milling Company for the amount of the balance, and also against S. M. Bird, as guarantor of the account. The Kell Milling Company interposed in the suit a plea of privileges to be sued in the county of its residence, alleging, among other things in its plea, "that none of the exceptions to exclusive venue in the county of one's residence, mentioned in article 1194 or 1585 of the Revised Statutes, exist in this case."

First. The first, fifth, sixth, seventh, and eighth assignments of error in appellant's brief involve the plea of privilege in different phases, objecting to the action of the trial court in blending the issue of venue to the jury with the issue upon the merits, and in not submitting the issue of venue prior to the submission of the merits, also objecting to a paragraph of the charge of the court wherein the court instructed the jury conjunctively (insisting that it should have been disjunctive) to find whether S. M. Bird was, at the time of the institution of the suit, a resident of Roberts county, Tex., and whether or not the account sued on was fraudulently transferred by said Bird to the Bank of Miami, and fraudulently accepted by said bank for the purpose of giving the courts of Roberts county jurisdiction of said suit, and further objecting to another paragraph of the charge, which was to the effect that if the jury believed that the defendant, S. M. Bird, maintained his domicile in Kansas City, Mo., however, if they found from the evidence that he had his residence in Roberts county, Tex., at the time of the institution of the suit, under the definition of "residence," to find against the defendant Kell Milling Company on its plea of privilege; also objecting, on this phase of the case, to certain testimony of the defendant Bird that he resided in Miami, Tex., on the ground that it was a conclusion of the witness and involved a mixed question of law and fact.

[1] Second. It is conclusive in this record that the Kell Milling Company is a corporation; it is also conclusive that a part of the cause of action, involving the contract between the Chillicothe Grain Company and the Kell Milling Company, was to be performed in Roberts county, Tex., at least to the extent of the purchase of the grain and the drawing of the drafts by the defendant Bird, acting for the grain company. Section 24 of article 1830 of the Revised Civil Statutes of 1911 prescribe that "suits against any private corporation, association or joint stock company, may be commenced in any county in which the cause of action, or a part thereof arose;" and as a part of the cause of action accruing to the Chillicothe Grain Company in this cause and transferred to the Bank of Miami, arose in Roberts county, Tex., to the extent that a part of the performance of same should be in said county, the corporation was properly sued in that county by the Bank of Miami, notwithstanding it had no representative in that county, and the venue could have been properly laid in that jurisdiction in the first instance by the Chillicothe Grain Company or Bird, if they had been plaintiffs in the suit. In the case of Houston Rice Milling Co. v. Wilcox & Swinney, 45 Tex. Civ. App. 303, 100 S. W. 204, which involves a contract similar to the one in this record, to the extent of invoking its principle, Chief Justice Gill, of the First district, in effect held: "That where an executory contract was entered into between plaintiffs and defendant corporation in the county of the latter's domicile, and the place of the performance of the contract was in another county, the plaintiffs were entitled to bring the suit on the contract in the latter county"—citing Railway v. Hill, 63 Tex. 383, 51 Am. Rep. 642, and Mangum v. Lane City Rice Milling Co., 95 S. W. 605.

[2] Hence the questions involved in appellant's assignments on the issue of venue became immaterial and harmless, whatever the action of the court may have been upon them.

[3] Third. Adverting to the allegation of fraud arising from the transfer of this account to the Bank of Miami on the question of venue, it also becomes immaterial; however, it may also be noted that this record evinces a valuable consideration paid for the transfer of the account by the bank, and, although it may have been done for the purpose of conferring jurisdiction against the Kell Milling Company, the bona fides of the consideration eliminates the question of fraud from the case. In a transaction of this character, where an account had been transferred for a valuable consideration and guaranteed, the transferee suing all parties in the county of the guarantor's residence, Judge Collard, in the case of Turner v. Brooks, 2 Tex. Civ. App. 451, 21 S. W. 404, said that: "The averment in the answer that the purpose of the transaction was to confer jurisdiction, and that the transfer was fictitious, cannot be sustained. Without dispute, the evidence shows that the transfer and guaranty were genuine and for a valuable consideration, and, though the object in part was to give jurisdiction to Williamson county, the transfer, being valid and binding, therefore, was not a fraud upon the court's jurisdiction." See, also, the case of Provident Nat. Bank v. Harnett, 100

Tex. 214, 97 S. W. 692, decided by the Supreme Court. The plea of privilege should have been overruled in a peremptory instruction to the jury.

Fourth. The appellant assigns error upon the action of the court in overruling a special exception addressed to the allegations of the plaintiff's petition as follows: "Item No. 11, $2,873.24; item 12, $660; item 13, $150.22; item 14, $465.24; item 15, $38.16; item 16, $313.24—all dated September 30, 1911, and are for grain sold by the Chillicothe Grain Company to the Kell Milling Company, and did not enter into the joint account." The objection against said pleading was one of vagueness, indefiniteness, and uncertainty, and did not put the defendant upon notice of what it was required to meet. The appellant, in connection with this proposition, is not sufficient in its statement, for the reason that the account sued upon was attached to appellee's petition as an exhibit, with the proper reference to same in the petition; and, by referring to the account, it is easily ascertained that the account exhibits as to those items, the cars of grain sold, with the number of the cars and the amounts upon the debit side of said account, corresponding with the items on the credit side, and balance each other, and except for the purpose of explaining the account and the series of transactions between the parties, could have been eliminated from the suit. The above objection will be overruled.

Fifth. The eleventh assignment of error is an objection to the testimony of the witness Darby, who was a member of the Chillicothe Grain Company, and who, according to the assignment and the statement thereunder, was permitted to take the account sued upon in this case and testify to each item of the same, and explain each item separately to the jury, after he had first testified that he had kept a set of books covering all these items, without the appellee accounting for the books; the evidence showing that the account was a copy taken from said books.

[4] Of course it is a settled rule of law, where applicable, that the original books of entry are the best evidence; however, it is to be noted, in connection with this matter, that this witness testified that he knew of some of these transactions, independent of the books, modifying this statement to the extent that he could indentify most of the items, except the first one, and a further modification on cross-examination that there were two items in said account which he remembered independently, showing, however, a certain familiarity and an independent recollection of some of the transactions. The account sued upon was taken from the books, which, according to the testimony of the witnesses, was a balance accruing principally on account of the failure of the Kell Milling Company to receive and pay for the seven car loads of grain, necessitating a different disposition of said grain by the Chillicothe Grain Company on account of said failure. When the account which had been made out in detail and stated, with the balance as indicated, was introduced in evidence, there was no further objection made to the introduction of same, and when the witness Birdsong, who was the manager and the representative of the Kell Milling Company, had the account on the witness stand, for the purpose of examination, and, after testifying that he was a bookkeeper of long experience, made no criticism of the account, in so far as the account detailed the transactions, except that the account was incorrect in not properly exhibiting credits, dockage, and other matters, with the additional criticism of the theory of stating the account as to one or two of the items.

[5] We are inclined to think that, in this condition of the record, it was incumbent upon the appellant to make a more searching examination of the witness after the first examination had been made, and separate the matters of independent recollection from the matters testified about, based upon the books and not upon recollection, and then make a further objection to the introduction of the account; and we are constrained to overrule appellant's exception.

[6] The authorities on the proposition of the insufficiency of general objection to evidence, where any portion of the same is admissible, are so multitudinous in this state it is unnecessary to cite them. A part of the testimony of the witness Darby, relating to a part of the transactions, was clearly admissible; and, in order for the appellant to take advantage of the inadmissible portions of said account, we think it was clearly his duty to follow it and differentiate them, and a general objection to entire evidence, under such circumstances, is properly overruled.

Sixth. The appellant complains in its third assignment of error that the trial court erred in overruling its special exceptions to plaintiff's trial amendment on the ground that, on account of the allegations of the petition of plaintiff, the Chillicothe Grain Company was to receive for the buying of the grain two cents a bushel, and that said amendment (also the original petition) fails to state that the same was not paid, nor that the Kell Milling Company bound itself to pay any sum for the purchase of any grain whatever, and that, no breach having been shown, the pleading was insufficient. The appellant's statement in this matter, as well as in other matters in connection with this case, are really insufficient for the purpose of considering the assignment. A consideration of the record eliminates the contention, for in reality it seems to have been the refusal, principally, of the defendant to accept the seven cars of wheat plaintiffs had shipped on joint account which constituted the principal breach of the contract, and the

two cents per bushel was really a part of the damage included in the drafts, the payment of which had also been refused; and we notice that, in the ninth assignment of error, appellant seems to object strenuously to the testimony of S. M. Bird, when testifying concerning the account or contract between the Chillicothe Grain Company and the Kell Milling Company, excepting to the statement that he "was to finance it at this end and put it aboard the cars," making the criticism that this was adding a clause to the contract and applying the elementary rule that the allegation and proof must correspond. The petition did allege that the other parties to the contract were to buy the grain and then draw drafts upon the Kell Milling Company, adding to the cost of the grain the excess earnings; and a consideration of the testimony indicates that the grain was really bought and paid for by Bird, through the Bank of Miami, although the drafts were drawn for the complete amount; and it is apparent that this is what the witness meant when he stated that he was to finance the transaction at that end.

We have really considered more of these assignments than the rules demanded, for rule 31 (142 S. W. xiii), prescribed for the government of this court, requires that, in briefing each proposition, there shall be subjoined a brief statement, in substance, of such proceedings or part thereof contained in the record as will be necessary and sufficient to explain and support the proposition, and that the statements should be made faithfully, in reference to the whole of that which is in the record having a bearing upon the proposition, upon the professional responsibility of the counsel who makes it, without intermixing it with arguments, reasons, conclusions, or inferences. Where bills of exception in this record are resorted to for the purpose of sustaining assignments, and where the appellant assigns the action of the court in overruling numerous special exceptions, the reasons given in the assignment seem to have been considered by the appellant as the same reasons, which we must presume, as the ones contained in the bill of exception, without setting out the bills in his statement, except in one instance, under the second assignment. The brief also fails to refer to the record, indicating that a motion for new trial was presented, and the propositions contended for were passed upon by the trial court before the appeal was perfected. We have really considered all the assignments of error of the appellant in this case, but again repeat and insist upon a more substantial compliance with the rules.

The judgment will be affirmed.

### On Motion for Rehearing.

In the original opinion mention was made that at the time of the introduction of the account in evidence, which, with the items specified therein, constituted in the main the basis of the suit, appellant made no objection to its introduction, and in a well-considered and ingenious argument upon its motion, in attempting to bridge this particular lapse, it says that the trial court admitted the account for the purpose of proving the assignment to the appellee bank, "and as the account sued on, and not for the purpose of proving the individual items within itself or as a whole," and refers us to the stenographer's notes, p. 86, for the court's action, and to the objections really made by it to the account at that time, and argues that being true, our given reason, overruling the particular objection, fails.

[7] Stenographer's notes of 142 pages (the statement of facts being 45 pages), purporting to be (and no doubt is) the detailed proceedings of the trial, have been sent up with the record. The clerk very properly omitted to file the same, and, under the statute and rules, it, of course, is an unconsidered document by us. We confess we have "looked in" and find appellant's statement substantiated; but we are unable to assist it, as the consideration of an ex parte document to the extent of basing a review upon same would of course be highly improper. The brief does not advert to a bill of exceptions, embodying objections to the account at the time of its introduction; and upon a reconsideration of the record, and the other objection to the testimony of the witness Darby when testifying to the items contained in the account, in view of the general objection made to the items of the account that the books would be the better testimony, when the witness clearly evinced an independent recollection of some of the transactions, the contention will have to be overruled.

[8] The operative effect sustaining such an objection would have stricken the whole testimony from the record, when some of it was clearly admissible; and the failure of the record to show an objection to the whole account embodying the same items, when actually introduced, is in the nature of a waiver of the insufficient objection previously made to the items contained therein.