### CUMMER MFG. CO. v. KELLAM BROS.
### (No. 6012.)

(Court of Civil Appeals of Texas. San Antonio. April 17, 1918. Rehearing Denied May 15, 1918.)

1. CORPORATIONS ⬩503(2)—VENUE.

Under Rev. St. 1911, art. 1830, authorizing action against a private corporation in any county in which a part of the cause of action arose, it may be sued in the county in which its breached contract to furnish goods was made through its agents, and to and in which the goods were to be delivered and paid for, in part at least, even if the contract had to be sent to the corporation for ratification.

2. APPEAL AND ERROR ⬩843(2)—ACADEMIC QUESTION.

Whether the trial court should have proceeded to trial without waiting for decision of appeal from overruling of plea of privilege to be sued in another county, is an academic question, as decision thereof would not expedite a trial on the merits.

Appeal from District Court, Frio County; Covey C. Thomas, Judge.

Action by Kellam Bros. against the Cummer Manufacturing Company. From an adverse judgment, defendant appeals. Affirmed.

John D. Hartman, of San Antonio, for appellant. C. A. Davies, of San Antonio, and Frank H. Sweet, of Brownwood, for appellee.

FLY, C. J. This is a suit instituted by appellees to recover of appellant damages resulting from the breach of a contract to furnish crates in which appellees desired to ship their onion crop. Appellant filed a plea of

---

privilege to be sued in Lamar county, Tex., to which appellees answered that the contract was to be performed in Frio county, and, further, that appellant is a private corporation and can be sued in any county in which a contract is made by itself or its agents, and that the contract in question was made in Pearsall, Frio county, Tex. The court overruled the plea of privilege.

The evidence in this case shows that appellees ordered, through the agents of appellant, 10,000 crates to be used in shipping onions by appellees. The crates were to be delivered in Frio county. The changes suggested to be made in the contract by appellant were accepted by appellees. The contract was made in Frio county by appellant, a private corporation, through its agents dealing with appellees. The agents were duly accredited and had authority to sell the crates.

In the twenty-fourth exception to article 1830, Revised Statutes, which provides that no inhabitant of Texas shall be sued out of the county of his domicile, it is provided that:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

It is admitted by appellant that it is a private corporation and that Flory & Albers were its agents and made the contract with appellees. In addition, the cause of action arose in Frio county. The cause comes clearly within the purview of the statute and the venue was in Frio county, as held by the trial court. Electric Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; Oil Co. v. Texas Refining Company, 55 Tex. Civ. App. 81, 118 S. W. 194.

The order in this case for the crates was executed in Frio county, and is signed by appellee and Flory & Albers, the salesmen of appellant. It contained no reference to any confirmation by the principal and must be taken at its face value in connection with the question of venue. The contract having been made in Frio county, there is much authority for the proposition that by reason of that fact venue could be laid in that county. As said in the case of Mangum v. Lane City Rice Milling Co., 95 S. W. 605:

"A cause of action consists of the right of the plaintiff, as well as of the injury to that right, and when the right arises from or is based upon a contract, such right comes into existence at the time and place of the making of the contract, and it necessarily follows that a cause of action growing out of a breach of contract arises, or comes into existence, in part, at the place at which the contract was made."

In the case of Railway v. Hill, 63 Tex. 384, 51 Am. Rep. 642, a plea of privilege was dismissed and the court held:

"This court has held that a cause of action consists as well of the right of the plaintiff as of the injury to that right. Phillio v. Blythe. 12 Tex. 127. The right of the plaintiff in this cause accrued by reason of his contract with the defendant, which was made in Galveston county. The injury arose from a breach of that contract, and as the contract itself was to be in part performed in that county, and was wholly broken, a cause of action arose there, and the suit was properly instituted in Galveston county."

In the case now before this court the contract was made in Frio county, and the crates were to be shipped there and payment was to be made, in part at least, there.

Again, in the case of Rhome Milling Co. v. Cunningham, 171 S. W. 1081, the Court of Civil Appeals of the Second District held:

"The undisputed facts show that Williams bought the goods in question in the town of Comanche from the traveling salesman and agent of appellant, and that payment for the same was to be made at that place at the Farmers' & Merchants' National Bank by taking up drafts for shipments which were to be made f. o. b. Comanche, Tex., and that the Comanche bank, to whom appellant was to send its drafts, upon the payment by Williams, was to remit the proceeds to appellant. It thus appears that the cause of action, at least in part, arose in Comanche county."

The same rule was laid down by that court in Kell Milling Co. v. Bank, 155 S. W. 325. To the same effect are Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Houston Rice Milling Co. v. Wilcox, 45 Tex. Civ. App. 303, 100 S. W. 204; Planters' Oil Co. v. Whitesboro Cotton Oil Co., 146 S. W. 225; and Western Wool Co. v. Hart (Sup.) 20 S. W. 131.

If it should be held that the agents of appellant could not complete the contract, but that it had to be sent to appellant to be ratified, still the contract was made in Frio county. As said by this court in the Troell Case, hereinbefore cited:

"The contract having been made and entered into between the parties in Guadalupe county (for its approval by an executive officer of the company in Pennsylvania related to the time and place it was made, and was only a ratification of it), we must hold, under the authorities cited, that a part thereof accrued or arose in that county, and that appellant's plea of privilege of being sued in the county of the residence of its agent was properly overruled."

Appellees desire that this court pass on the question as to whether the trial should have proceeded on the merits after the plea of privilege had been overruled, or should have been postponed until this appeal was decided. That presents an interesting question, but no good end would be subserved by deciding it in this case, because such decision would not expedite a trial on the merits, and the question is therefore merely academic. It will be decided when it becomes necessary, but its decision would be useless in this case.

The judgment is affirmed.