## HOME BEN. ASS'N v. SPRINGER.
### No. 4936.

Court of Civil Appeals of Texas. Texarkana.
March 26, 1936.

Rehearing Denied April 2, 1936.

Oltorf & Oltorf, of Marlin, for appellant.

Phillips & Williamson, of Tyler, for appellee.

HALL, Justice.

On September 25, 1934, appellee brought this suit in the district court of Rusk county against the appellant for the sum of $1,500 on a policy of insurance issued to appellee by appellant on February 23, 1923, claiming total and permanent disability. The appellant filed its plea of privilege to be sued in Falls county, where it maintains its domicile and where its principal office is located. To this plea of privilege the appellee in due time filed his controverting affidavit. Upon a hearing the trial court overruled appellant's plea of privilege to be sued in Falls county, and from this judgment it has prosecuted its appeal to this court.

The record discloses that appellee was injured in Gregg county, but was soon thereafter moved to his home in Rusk county, where he has continued to remain. The policy of insurance under which this claim is made, among other things, provides: "5th. Should any member in this Class through accident become totally and permanently disabled from engaging in any gainful occupation, or from performing any work or from conducting any business for compensation or profit prior to attaining the age of sixty years the Home Benefit Association agrees to pay to the member named herein the sum of One dollar for each member in good standing in this Class, said amount not to exceed one thousand five hundred dollars ($1500); provided *that said member claiming said disability benefit shall have been totally disabled and continued to be totally disabled for a period of ninety (90) days consecutively,* and that this certificate shall have been in force for a period of one (1) year. This Association will pay, upon satisfactory proof of such disability, at the option of the member and in lieu of all other benefits hereunder, to said member the total benefits, upon surrender of this certificate." (Italics ours.)

■ Appellant contends that subdivision 23, article 1995, R.S., does not apply to it because it is not a private corporation. In this same connection it contends that no part of appellee's cause of action arose in Rusk county, Tex., where this suit was brought. That portion of subdivision 23, article 1995, R.S., applicable here is: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated." We think this provision of the statute covers and includes legal entities such as appellant. The Forty-First Legislature, Regular Session, passed Senate Bill No. 220, which was approved by the Governor on March 21, 1929, regulating local mutual aid associations. The bill with some amendments, not material here, was carried into the statute as chapter 9A of title 78. Ar-

ticle 4875a—23 of this act provides that local mutual aid associations existing and doing business at the time the act becomes effective may avail themselves of the provisions of this act. Article 4875a—24 provides that any mutual aid association accepting the provisions of this act "shall for the purposes of operation be and become a body corporate with authority to sue and be sued in its own name." So, by the very terms of the statute this class of associations "for the purpose of suing and being sued" are made corporate bodies, and, in in our opinion, come clearly within the provisions of article 1995, subd. 23. And in this connection the record reveals the appellant did avail itself of the provision of article 4875a—23, Vernon's Ann.Civ.St. The case of Big Spring Mutual Aid Ass'n v. Moore (Tex.Civ.App.) 62 S.W.(2d) 387, is in point.

We shall next consider whether appellee's cause of action, or a part thereof, arose in Rusk county. As stated above, appellee was injured in Gregg county, but was moved immediately to Rusk county, his home. The ninety days' disability required by the policy as a prerequisite to mature the claim for total and permanent incapacity elapsed in Rusk county. The appellee had no cause of action against appellant under the terms of the policy until after the lapse of ninety consecutive days after his injury, during which time he must be totally disabled or incapacitated. During this period of time his cause of action was in the act of arising, but did not completely arise until the expiration of the ninety consecutive days after the injury. In the case of San Jacinto Life Ins. Co. v. Boyd (Tex.Civ.App.) 214 S.W. 482, 483, the court says: "A cause of action upon which recovery is sought does not comprise every piece of evidence which is necessary to prove each fact, but every fact which is necessary to be proved. We believe under our statute on venue it is too narrow to confine it to the genesis of the right, but it embraces every fact necessary to be shown in order to recover. 'Arose,' we do not think, refers alone to the very beginning of the right, but to every fact which has arisen and inheres in the cause of action. It is the right to bring a suit, or that right which is based upon the ground or grounds on which an action may be maintained. Payne v. New York, S. & W. Ry. Co., 201 N.Y. 436, 95 N.E. 19; Baker v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.)

184 S.W. 257; Merchants' & Bankers' Fire Underwriters v. Williams (Tex.Civ.App.) 181 S.W. 859." To the same effect are: Western Wool Commission Co. v. Hart (Tex.Sup.) 20 S.W. 131; Savage v. H. C. Burks & Co. (Tex.Civ.App.) 270 S.W. 244; Danciger v. Smith (Tex.Civ.App.) 229 S. W. 909; Houston Rice Milling Co. v. Wilcox & Swinney, 45 Tex.Civ.App. 303, 100 S. W. 204.

Therefore the judgment of the trial court is affirmed.