**DANCIGER et al. v. SMITH. (No. 8539.)**

(Court of Civil Appeals of Texas, Dallas.
March 5, 1921. Rehearing Denied
April 2, 1921.).

1. **Venue** ⟐⟐22(1)—**Joint liability with other defendant necessary that one may be sued out of county of residence.**

Rev. St. 1911, art. 1830, subd. 4, permitting contrary to the general rule, that an inhabitant cannot be sued out of the county of his domicile, suit to be brought in a county in which any one of the defendants resides, where there are two or more defendants residing in different counties, applies only where there is a joint cause of action against the several defendants; and it is not enough to show a valid cause of action against each, or a liability of one or the other in the alternative, though the causes of action grow out of the same subject-matter.

2. **Corporations** ⟐⟐503(2)—**Part of cause of action held to have arisen in part in county of action.**

Under Rev. St. 1911, art. 1830, subds. 24, 28, permitting a private corporation to be sued in a county where a part of the cause of action arose or accrued, defendant corporation having agreed with plaintiff that, if he found a purchaser who would accept its oil on terms satisfactory to it, it would sell it and pay him an agreed commission, he may sue it in a county in which he found one who accepted the terms, though defendant failed to sign the contract with the customer, which was to be done in another county.

3. **Venue** ⟐⟐22(1)—**One jointly liable with corporation suable with it where it may be sued.**

An individual sued with a private corporation in the same right, and on a joint contract made with plaintiff may be sued where the corporation may be sued.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by N. K. Smith against M. O. Danciger and others. Pleas of privilege of the named defendant and another were overruled, and they appeal. Affirmed.

Hunter & Scott, of Wichita Falls, for appellants.

Rasbury, Adams, Stennis & Harrell, of Dallas, for appellee.

TALBOT, J. This suit was instituted in the district court of Dallas county, Tex., by the appellee, N. K. Smith, against the appellants, M. O. Danciger, a resident of Wichita county, Tex., the Oriental Oil Company, a private domestic corporation with its principal office in Dallas, Dallas county, Tex., and the Emerich Oil Company, a private foreign corporation, authorized to transact its business within the state of Texas, whose president is J. F. Emerich, with its principal office in Wichita county, Tex. Appellee alleges in substance, that the Oriental Oil Company entered into a contract with him by which it agreed to purchase the crude oil being produced by appellants Danciger and Emerich Oil Company if appellee would induce them to offer same on terms acceptable to it, the Oriental Oil Company, and if Danciger and the Emerich Oil Company would pay the brokerage in case of sale and purchase. Also, that he entered into a contract with the appellants Danciger and Emerich Oil Company, by which they agreed that, if appellee would find a purchaser for their oil on terms satisfactory to them, they would sell the same and would pay appellee a commission of 5 per cent. on the purchase price. Appellee further alleges that he advised the defendant Oriental Oil Company that the defendants Danciger and Emerich Oil Company had authorized him to act for them and would pay his commission in case he effected a sale, and also advised Danciger and the Emerich Oil Company that the Oriental Oil Company had authorized him to secure the oil and had agreed to buy same if terms were agreed upon; that he did, after long and patient negotiation, bring about a complete agreement between the parties in every detail and particular for the sale on one side and the purchase on the other, with nothing left to be agreed upon; that the parties after their minds met reduced the terms of sale and purchase to writing and fixed a date for signing their agreement, which each thereafter wholly failed to do, and wholly refused to discuss the matter with appellee or make any explanation of their failure to conclude their agreement by formal transfer, etc.; that he was unable to learn from the parties, themselves, whether the Oriental Oil Company breached its contract by refusing to purchase on the terms agreed upon, or whether Danciger and Emerich Oil Company breached their contract by refusing to sell on the terms agreed upon; that under his contract with the defendants Danciger and Emerich Oil Company, he was to receive 5 per cent. commission on the purchase price, or $60,000; and if, as a matter of fact, it was due to the fault, failure, or refusal of said defendants that said contract was not consummated, said defendants are jointly and severally indebted to and justly bound to pay plaintiff said sum, while, under his contract with the defendant Oriental Oil Company, whereby it agreed to purchase the output of the wells of the other defendants on the terms which plaintiff secured, if said contract was not consummated by reason of its fault, failure, or refusal, it is liable in damages to plaintiff for the reasonable value of his services, which plaintiff alleges to be

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5 per cent. of the amount of the agreed purchase price, by reason of the breach of its contract to purchase and thereby making it impossible for plaintiff to claim, collect, and earn said commission from the defendants Danciger and Emerich Oil Company.

Plaintiff further avers that he is unable to secure from either of the defendants a full and true disclosure of the facts, conditions, or circumstances which brought about the failure of the defendants, or either of them, to execute the contracts evidencing their completed agreement, and charges, upon information and belief, that the defendants Danciger and Emerich Oil Company failed and refused to sell their crude oil to the Oriental Oil Company on the terms upon which they agreed, and that as a consequence they are liable to plaintiff in said sum of $60,000. The plaintiff also in the alternative alleges that, if mistaken in the respect mentioned, he then charges upon information and belief that the Oriental Oil Company refused to buy the crude oil of the defendants Danciger and Emerich Oil Company, on the terms upon which they agreed and upon which terms the said Danciger and Emerich Oil Company was ready and willing to sell, and that as a consequence said defendant Oriental Oil Company is liable to plaintiff by way of damages for the reasonable value of his services, to wit, the sum of $60,000; but that the liability of each of said defendants to plaintiff grows out of the same transaction, and the issues will be determined by and depend upon the same facts.

The appellee prayed that upon a hearing all the defendants be required to make "as in equity" a full and true disclosure of all the facts relating to said transaction, and that if it should appear that the defendant Oriental Oil Company breached its contract to purchase said lease and the output of the wells thereon, then he have judgment against it "as for damages" in the sum of $60,000; but, in the alternative, that if it should appear from such full, fair, and true disclosure that the defendants M. O. Danciger and Emerich Oil Company breached their contract to sell, then plaintiff have judgment against such defendants for $60,000 upon their contract and agreement to pay plaintiff 5 per cent. commission on the purchase price for his services in securing a purchaser on terms satisfactory to defendants, etc.

The defendant Oriental Oil Company answered simply by general demurrer and general denial. The defendants M. O. Danciger and Emerich Oil Company filed pleas of privilege to be sued in Wichita county, Tex., asserting: First, that said county was the county of their residence and that none of the exceptions to article 1830 of the statute permitting a defendant to be sued in any other than the county of his residence existed: Second, that the suit had not in good faith been filed in Dallas county, but was filed there for the fraudulent purpose of conferring jurisdiction. These defendants filed no other pleading whatever.

The pleas of privilege were controverted by the plaintiff, Smith, who asserted that exceptions to article 1830 did exist, namely: First, that the Oriental Oil Company, one of the defendants, resided in Dallas county, Tex.; second, that the services rendered the appellants under their contract of employment was mainly rendered and performed in Dallas county; and that as a consequence the cause of action declared on, or a part thereof, arose in Dallas county, and accrued in Dallas county, which authorized the bringing of the suit in Dallas county. Upon a hearing the pleas of privilege were overruled, and from such ruling the defendants Danciger and Emerich Oil Company appealed.

[1] The first assignment of error is as follows:

"The court erred in overruling the defendants' pleas of privilege and holding this case for trial in Dallas county, Tex., because the controversy as shown by the pleadings is a separable controversy and not a joint action among the defendants herein, and the appellants herein do not fall within any of the exceptions mentioned in articles 1830, 2308 and article 1903, Revised Statutes and amendments thereto."

The proposition asserted under this assignment is that——

"Where a controversy is not joint as among several defendants residing in different counties, and where all are joined in one action, it is error to hold the defendants together, and it is error to permit the plaintiff to prosecute his separate causes of action against all of the defendants, as if same were joint."

The foregoing proposition embodies a correct principle of law. It is statutory in this state that where two or more defendants reside in different counties, suit may be brought in any county where any one of the defendants reside; but in order to authorize the joinder of a defendant in an action brought in a county other than the county of his residence, the plaintiff must show, as against such defendant, a community of responsibility between him and the resident defendant. It is not sufficient, as contended by the appellants, to show a valid cause of action against each defendant, or to show a liability in the alternative. The rule is that—

"Causes of action brought upon different contracts cannot be joined unless each affects all of the defendants alike, and it is not sufficient to authorize a joinder that the several contracts of the different defendants relate to the same subject-matter."

If there is not a joint liability, the statutory rule that where two or more defendants

reside in different counties, suit may be brought in any county where any of the defendants reside, does not apply, and, in such case, it is error to permit the plaintiff to prosecute his separate causes of action against all of the defendants as if same were joint. It is apparent, we think, from an inspection of the plaintiff's petition in this case, that the cause of action alleged against the defendant Oriental Oil Company of Dallas county, Tex., is separate and distinct from the joint cause of action alleged against M. O. Danciger and the Emerich Oil Company of Wichita County. This being true, the suit cannot be maintained against the appellants, in Dallas county, over their objection, on the exception to the statute declaring that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, that where there are two or more defendants residing in different counties, suit may be brought in the county where either resides. In view of the fact that we have concluded that the appellants' plea of privilege to be sued in the county of their residence was properly overruled for another reason, we shall not undertake to point out the allegations of the plaintiff's petition which show to our mind that a joint cause of action against the Oriental Oil Company on the one hand and against the Emerich Oil Company and M. O. Danciger on the other is not shown. We think, however, that this is obvious from our statement of the pleadings in the former part of this opinion.

[2] The plaintiff, in his controverting plea, alleged that it was not true that none of the exceptions to exclusive venue in the county of the residence of the defendants, as enumerated in article 1830 of the statute, existed in this case for the reason that, as shown by the plaintiff's petition:

"The services rendered defendants in inducing the Oriental Oil Company to agree to purchase the crude oil of the defendants were mainly rendered and performed in Dallas county, Tex., where plaintiff solicited and induced said Oriental Oil Company to agree to all the terms of purchase fixed by said defendants, and that as a consequence the plaintiff has the right, under subdivisions 24 and 28 of said article 1830, to maintain its suit in Dallas county on the ground, under the twenty-fourth subdivision, that a part of the cause of action arose in Dallas county, and on the ground, under the twenty-eighth subdivision, that a part of the cause of action accrued in Dallas county."

Appellants in their fourth assignment of error assert that if the trial court, for either of the reasons here urged by the plaintiff, overruled their pleas of privilege to be sued in Wichita county, such ruling was error, and they advance the proposition, in effect, that plaintiff, by his petition, shows that no effective services were rendered either of

the parties in the county where the suit was brought, and negatives therein the idea that he did anything that induced the Oriental Oil Company to buy defendant's oil, and shows he was not to be paid any commission for representing the Oriental Oil Company; therefore it cannot be said that a part of the plaintiff's alleged cause of action arose in the county of that company's residence. The allegations of the plaintiff's petition are sufficiently set out above to show that the petition is not fairly subject to the criticisms urged by the appellants, or, if not, the allegations as a whole do. Plaintiff averred that—

The material and "essential matters between the parties were concluded by personal negotiations between the plaintiff and the officers and agents of the Oriental Oil Company in Dallas, Tex., and between plaintiff, he then being in Dallas, and Danciger and the agents and officers of the Emerich Oil Company, then in Wichita county, over the telephone; that on the same day, in pursuance of their agreement and in confirmation thereof, both plaintiff and the defendant Oriental Oil Company telegraphed Danciger and Emerich Oil Company that their offer had been accepted and that all parties would leave that night for Wichita Falls to formally consummate the agreement, and that, in reply, Danciger and Emerich Oil Company advised that such course would be satisfactory and that they accepted such terms and were prepared to close on that basis."

The plaintiff, N. K. Smith, testified, among other things:

"I am the plaintiff in this case. I was employed by Danciger and the Emerich Oil Company, both here and at Wichita Falls. The only conversation I ever had with either Mr. Danciger or Mr. J. F. Emerich of the Emerich Oil Company was by telephone, I being in Dallas and they being in Wichita Falls, Tex. I never did talk with them about the transactions while either of them were in Dallas. The final agreement or contract was dictated and drawn up in Wichita Falls. There was an agreement in a way dictated between Mr. Danciger and myself over the telephone and reduced to writing later. I was present at the negotiations at Wichita Falls. The trade was worked out over the telephone from the Oriental Oil Company offices here in Dallas. After the telephone conversation I wired an acceptance of their proposition, and then went up there and the contract was written there. I had three propositions from the defendants to submit to the Oriental Oil Company, and I came from Wichita Falls down here and submitted them. The first two propositions were not carried out, and the third one was closed over the telephone, from the Oriental Oil Company's office in Dallas. They still wanted to negotiate, and I called them up and closed the trade, and they wired a confirmation and an acceptance of that proposition. The contract of sale was never signed by either party. It was agreed

to, however, and the trade was closed. The offices of the Oriental Oil Company are here in Dallas. Its main offices are here in Dallas. I submitted them a proposition from the defendants, and then, while at the office of the Oriental Oil Company, telephoned to Danciger and the people he was connected with at Wichita Falls and submitted them a proposition from the Oriental Oil Company which was accepted, and then wired an acceptance. The defendants told me that the terms were perfectly satisfactory to them and that it was what we had agreed upon and there was no difference between us, and I then told them that I would let them know inside of an hour, and then I took the matter up with the board of directors of the Oriental Oil Company and secured their confirmation and acceptance of the trade. I told Danciger that I was in the office of the Oriental Oil Company. I also told the directors of the Oriental Oil Company that the property was as I had represented it, and that I was ready to close the trade, and they then prepared a telegram of confirmation, and that telegram was sent, and at the same time I called Mr. Danciger back to the telephone and confirmed it over the telephone. While the young lady was preparing the telegram, I was talking to Mr. Danciger and told him that the proposition was accepted and that we had wired confirmation, and I also sent him a personal wire confirming the trade. The conversation contemplated that we would go to Wichita Falls, and that we were to go out that night, which was for the purpose of making the test on a barrel basis. There was nothing left to be agreed upon before we left Dallas county. That was very explicitly understood—there was nothing left to be agreed upon."

Both the pleadings and the evidence are sufficient to justify the conclusion, evidently reached by the trial court, that the negotiations between the plaintiff and the Oriental Company at Dallas and the negotiations conducted over the telephone from Dallas to Wichita Falls between the plaintiff and Danciger and Emerich Oil Company resulted in practically an unconditional offer on the part of the latter named parties to sell, and on the part of the Oriental Oil Company to buy, upon the terms and conditions then discussed, and that nothing remained to be done but to reduce the agreement to writing. The instrument or instruments for this purpose seem to have been prepared and agreed to be correct, but were not, for some reason not disclosed to the plaintiff, signed. It is alleged that after the parties met at Wichita Falls, the Oriental Oil Company, at the earnest request and insistence of the defendants Danciger and Emerich Oil Company, agreed, as they had not done before, and which plaintiff had not undertaken to induce said company to do, to secure the indorsement of the notes representing the deferred payments for the oil, by certain named parties, but it does not appear anywhere in the record, so far as we have been able to discover, whether the notes in question were or were not indorsed as requested by the defendants or why the agreement was not consummated by the execution of the instruments contemplated.

We do not think that the mere fact that the contract of sale and purchase, which was reduced to writing as agreed upon, was not signed by the parties, was sufficient, under the circumstances shown, to defeat the right of the plaintiff to the compensation claimed. If the allegations of the plaintiff's petition are true, the contract he had with the defendants Danciger and Emerich Oil Company was to the effect that, if plaintiff found a purchaser who would accept their crude oil on terms satisfactory to them, they would sell and pay the agreed commission. They failed or refused to sign the contract agreed upon through the efforts of the plaintiff, and then, according to his allegations, declared they would not negotiate further in the matter and declined to see plaintiff in person. Likewise, the Oriental Oil Company refused to further negotiate in reference to the matter. The fact that Oriental Oil Company agreed to have the notes, which were to be executed for deferred payments indorsed by the parties suggested by Danciger and Emerich Oil Company, does not, in our opinion, have any material effect or bearing on the plaintiff's rights. He had caused the minds of the parties to meet in full accord before the meeting in Wichita Falls and the request for the indorsements, and the work for which he had been engaged had been fully performed. As argued by the appellee, the making or entering into the contract and the place of its performance are constituent elements of the cause of action, and as a consequence suit thereon may be brought by authority of subdivisions 24 and 28 of article 1830 of the statute, in the event the party sued is a private corporation, in any court having jurisdiction of the subject-matter in the county not only where the cause of action as a whole arose, but in any county where it arose in part, or where the cause of action or a part thereof accrued.

Our conclusion is that under the case made and the applicable law the plaintiff was authorized to bring and maintain his suit against the defendants M. O. Danciger and Emerich Oil Company in Dallas county, independently of and aside from the fact that the defendant Oriental Oil Company resided in Dallas county. Peach River Lumber Co. v. Ayers, 41 Tex. Civ. App. 334, 91 S. W. 387; Western Wool Com. Co. v. Hart (Sup.) 20 S. W. 131; Equitable Mortg. Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 576; Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Floresville Oil & Mfg. Co. v. Tex. Refg. Co., 55 Tex. Civ. App. 78, 118 S. W. 194; San Jacinto Life Ins. Co.

v. Boyd, 214 S. W. 482; Chesapeake & O. R. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. The Supreme Court of this state has held that a cause of action consists not only of the right which the plaintiff has, but of the injury thereto, and that when there is a breach of the contract which by its terms was to be performed in any particular county, a cause of action arose there, and the defendant can be sued there. Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642. Again, it has been said that a cause of action "consists of the right, claim, or the wrong suffered by the plaintiff, and of the duty or delict of the defendant." Phœnix Lumber Co. v. Houston Water Co., supra. It comprises every fact which the plaintiff is obliged to prove in order to obtain judgment, or, conversely, every fact which the defendant would have the right to traverse. Chesapeake & O. R. Co. v. Dixon, supra. Peach River Lumber Co. v. Ayers, cited above, is in point here. Ayers was a real estate agent residing in Houston, Harris county, Tex. Peach River Lumber Company was a private corporation without agent or agency in Harris county. One Vidor, secretary of the lumber company, visited Ayers in Harris county and there employed him to purchase for the lumber company the timber on a league of land in Montgomery county. Through the medium of numerous letters and telegrams between Ayers in Houston to the Seaboard Lumber Company, owner of the timber and a nonresident corporation, the latter sent one Frost to Houston to confer with Ayers. The two went over the timber land in Montgomery county. Venue was challenged. In sustaining venue the appellate court said:

"The plea of privilege was properly overruled on the ground * * * that the cause of action upon which the suit was brought arose, at least in part, in Harris county. * * * Ayers lived in Harris county, the contract was made there, and was by Ayers actually performed there. It must have been in the contemplation of Vidor that Ayers' part of the contract would be performed in Harris county."

In both Floresville Oil & Mfg. Co. v. Tex. Refg. Co., and San Jacinto Life Ins. Co. v. Boyd, supra, it was held that as against corporations suit could be maintained where the contract or services to be rendered were performed.

[3] Danciger and the Emerich Oil Company are sued in the same right or upon a joint contract alleged to have been made with the appellee, and hence suit may be brought and maintained against him upon the contract in the same county in which venue may be laid as to said company.

Believing the suit, for the reasons indicated, is maintainable against the appellants in Dallas county, Tex., the judgment of the court below is affirmed.