## BROOKS SUPPLY CO. v. SENTER BROS. & CO. (No. 1941.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 25, 1922. Rehearing Denied Nov. 29, 1922.)

1. **Venue ⬤⟳22(3)—Joinder of resident assignor held not to give jurisdiction of suit against corporate seller domiciled in another county.**

A buyer, who assigned his contract without having breached it or warranted delivery, and was not shown to have caused its subsequent breach by the seller, a corporation, *held* not a necessary or proper party to assignee's suit for failure to make prompt delivery, so as to give jurisdiction under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, in the county of his residence against the seller, domiciled in another county.

2. **Venue ⬤⟳7—Stipulation for payment by draft through bank in county of goods' destination held not to evidence contract to be performed therein, so as to establish venue in such county.**

A sales contract, providing for payment at the corporate seller's office in J. county, and that the goods should remain its property until paid for on demand draft against a shipper's order bill of lading through a bank in W. county, with instructions to ship to a point therein, *held* not a contract to be performed in such county so as to give jurisdiction therein, under Rev. St. art. 1830, subd. 5, of the buyer's suit for failure to make prompt delivery; the bank being only the agency or means for collecting the purchase price and paying it at the seller's domicile in J. county, where delivery to the purchaser was' made on delivery to the carrier.

3. **Venue ⬤⟳7—Contract not clearly providing for performance in county other than that of promissor's residence does not relieve plaintiffs of establishing venue in another county wherein suit is brought.**

A written contract which does not clearly provide for performance in a county other than that of the residence of the party for whose failure to perform suit is brought in another county does not discharge plaintiffs' burden of establishing venue therein.

4. **Corporations ⬤⟳503(2)—Suit against corporation for delay in delivering goods sold under contract providing for payment by draft through bank in county of destination may be brought therein.**

Rev. St. art. 1830, subd. 24, providing that suits against private corporations may be commenced in any county in which the cause of action or part thereof arose, a suit against such a corporation for failure to promptly deliver goods, sold under a contract providing for payment by draft attached to a shipper's order bill of lading through a bank in the county to which the shipping instructions required them to be sent, may be brought in such county, the seller's retention of the indices of title until the draft was paid at destination showing that part of the cause of action arose therein, inasmuch as the contract was not fully executed until delivery of title and payment of the balance due.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Action by Senter Bros. & Co. against the Brooks Supply Company. From a judgment overruling defendant's plea of privilege, it appeals. Affirmed.

Cook, Spencer & Bailey, of Wichita Falls, for appellant.

E. G. Senter, of Dallas, for appellee.

HUFF, C. J. This is an appeal from a judgment overruling appellant Brooks Supply Company's plea of privilege to be sued in the county of its residence, Jefferson county, Tex. The contract upon which the issues are to be determined is, in substance, as follows:

"July 5, 1919.

"The Brooks Supply Company has this day sold to the undersigned purchaser, at Beaumont, Texas, upon the terms stated herein, payable at its office in the city of Beaumont, the supplies and material listed below. It is understood that the same has been inspected by the purchaser and accepted but until paid for it remains the property of the seller:

| | |
|---|---|
| Cash draft..................................... | $4,984 55 |
| A demand draft against S/O B/L........... | 4,484 55 |
| Cash deposit on boiler...................... | 500 00 |
| | $9,969 10" |

The contract was made with Mr. H. J. Peterson, providing for several articles, some of which were to be obtained from other parties. The contract had attached to it a long

---

list of the material to be shipped under the contract. The material is treated by the parties as constituting a rotary drilling outfit. As part of the contract the following is included:

"Send draft through First National Bank of Burkburnett, shipping instructions to be at Iowa Park, unless advised otherwise."

An assignment, dated Houston, Tex., July 8, 1919, is indorsed on the contract, reciting:

"In consideration of the payment to me by E. G. Senter of the sum of $4,984.55, made by taking up my check given to the Brooks Supply Company of Beaumont, for said sum, and of the further sum of $1,030.00 paid by his personal check on the American Exchange National Bank of Dallas, and of his assumption of demand draft for $4,484.55, by said Brooks Supply Company, I hereby assign, bargain, sell, convey and deliver unto the said E. G. Senter the machinery and equipment described in the within agreement and represent that the same is wholly free from liens or incumbrances of any sort, except the amount represented by said draft by the Brooks Supply Company for $4,484.55. I further swear the matters above stated are true.

"[Signed] H. J. Peterson."

This was acknowledged before a notary. E. G. Senter was acting for the appellees, Senter Bros. & Co., and purchased the contract for them. He paid the money as stipulated in the assignment. Before doing so, and at the time, he called up the appellant company, and procured their consent to substitute the appellees for Peterson in the contract, or consent that Peterson could assign the contract to appellees. After considerable delay the appellant shipped the machinery called for in the contract to the appellees consigned to Iowa Park, as stipulated in the contract, and drew a draft on them for the amount called for in the contract, $4,484.55, with bill of lading attached, but sending it to the City National Bank of Wichita Falls, Tex. By agreement had between appellant and appellees before shipment it was agreed to send the draft through the City National Bank instead of the Burkburnett National Bank. After the draft was in the bank and the goods shipped on September 4th, the appellant wired appellees that it was advised by the bank at Wichita Falls that the draft was still unpaid; if not paid by noon the next day, it would have the car returned, and appellees would forfeit the payment made. After receiving this wire the appellees paid the draft, and took up the bill of lading which was attached to it. The appellees' place of business and residence was Wichita county. That Iowa Park and Burkburnett are both situated in Wichita county. The pleadings admit that appellant's domicile was at Beaumont, Jefferson county, Tex. Based on the contract and assignment, the appellees instituted suit in one

of the district courts of Wichita county, Tex., alleging they were partners, doing business in that county; that H. J. Peterson was a resident of Wichita county, and that appellant, Brooks Supply Company, a corporation, was domiciled and doing business in the city of Beaumont, Jefferson county. The contract as originally executed was alleged, and its assignment by Peterson to appellees before its attempted performance. With particularity the failure on the part of the appellant to ship immediately or within a reasonable time the rotary drill and articles called for in the contract was alleged. A wrongful delay and consequent damages of several thousand dollars was alleged.

Within the proper time the appellant filed its plea of privilege to be sued in the county of its business residence, Jefferson county, Tex. In its plea appellant alleges it is a corporation, duly incorporated and domiciled in Jefferson county, Tex; that none of the exceptions provided for under article 1830 existed, authorizing suit in a county other than its residence. It further set up the first two clauses of the contract, requiring payment in Beaumont, Tex., and that the machinery until paid for remained the property of the appellant; that H. J. Peterson was made a party for the sole purpose of giving the court jurisdiction in Wichita county, Tex.; that the effort to join Peterson is not predicated upon facts which would sustain jurisdiction, but was done for the fraudulent purpose of giving the court jurisdiction over the person of appellant.

The appellees controverted the plea of privilege by sworn controversy, and alleged that Peterson resided in Wichita county; that the contract was made between appellant and Peterson, and transferred by Peterson to E. C. Senter, one of the appellees, who was acting for the appellees in its purchase; that by reason of the facts and the facts set up in the original petition, they have a cause of action against all the defendants by reason of the breach of the contract alleged; that by reason of the contract pleaded, setting out the two provisions set up by the appellant, and after notice of the assignment to appellees, the appellant shipped the machinery to Iowa Park to their own or shipper's order, with draft attached, upon appellee for $4,594, which was sent to the City National Bank of Wichita Falls; that before the draft was paid appellant asserted ownership and control of the drilling outfit by a threatening telegram; that it is thus shown by the contract and by telegram that the contract was to be partly performed and completed in Wichita county; that appellant did agree orally with one of the appellees to draw the draft through the City National Bank of Wichita county, Wichita Falls, upon appellees, and the draft was so drawn and paid at the bank.

[1] It was urged in the court below by the appellees, and the proposition is presented in this court, that the delay in presenting the plea in the court below was a waiver of the plea of privilege. Without setting out the facts on that issue, we have reached the conclusion the trial court would not have been justified in finding a waiver of the plea, and that he properly overruled appellees' motion, which in effect asked the court not to consider or hear the plea of privilege because of waiver on account of delay.

We do not think joining Peterson with appellant in the suit in Wichita county gave jurisdiction therein against appellant under subdivision 4 of article 1830. The petition of appellant nor the facts show a cause of action against Peterson. He is not shown to have in any way breached his contract or caused the breach. He did not guarantee its performance or warrant the delivery at any time. The most that may be said he assigned his right to the machinery to be thereafter shipped under the contract so assigned. He was not therefore a necessary or proper party to the suit. Groos v. Brewster (Tex. Civ. App.) 55 S. W. 590; Girand v. Barnard (Tex. Civ. App.) 47 S. W. 482. There was no cause of action at the time Peterson assigned his right under the contract. Such assignment, perhaps, does not fall under the proviso in subdivision 4, as added by amendment by the Legislature in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4).

[2] In this case the contract in writing does not specifically provide for the performance of the contract in Wichita county. It expressly provides payment should be made at Beaumont for the supplies and material contracted for, and until paid for it remained the property of appellant. While $4,984.55 was paid cash at the time the remainder, $4,484.55, was to be paid on demand draft against shipper's order bill of lading through the First National Bank of Burkburnett, with shipping instructions, Iowa Park. Both of the latter places are in Wichita county. It does not therefore clearly appear that there was a contract to be performed in Wichita county. The writing would indicate, while the shipment was to be made to Wichita county, yet the title to the property was to pass upon payment at Beaumont. This seems to be the express written stipulation. It may be under certain circumstances a stipulation for a shipper's order bill of lading, with draft attached, payable at destination, will evidence a written contract to be performed there. Malloy v. Industrial Cotton Oil Co. (Tex. Civ. App.) 238 S. W. 984, and authorities cited therein. The writer hereof agrees with the opinion in that case, and so held in a somewhat similar case, but upon dissent in this court the question was certified, which is yet pending in the Supreme Court. This case, however, is different. The express provision is for performance in Jefferson county, paying all money at that place, clearly negativing any intent to waive or agree to waive the right to be sued in the county of its domicile. In so far as the terms of the contract may be interpreted it was complete before the draft and bill of lading were issued. It would seem, therefore, the rule announced in the case of Jordan v. West Texas Gin Co. (Tex. Civ. App.) 242 S. W. 542, is applicable.

[3] The exception here relied upon requires a written contract for the performance of the contract in a county other than the residence of the party to be charged. It does not provide that part performance will fix the venue. Reading this contract as a whole, we infer the parties did not intend, by issuing the draft with bill of lading attached, or stipulating therefor, that the title should pass in Wichita county. It was only the agency or means through the bank for collecting the purchase price and paying the same at Beaumont, and that delivery of the property to the purchaser was made upon delivery to the carrier at the initial point of shipment. If this is not the meaning of the contract, it is not clear, and under the holdings of the court requiring a written contract clearly to provide for performance in a county other than that of the residence of the appellees, did not discharge the burden on them to establish venue in Wichita county, under subdivision 5. Lasater v. Waites, 67 S. W. 518.

[4] In this case, however, the original petition charges appellant as a corporation. In its plea of privilege appellant admits it is a corporation. The appellees set up the contract and facts showing at least in executing the contract it was partly to be performed in Wichita county, and that it was contemplated that the drilling rig was to be delivered to appellees in Wichita county, to be used in that field to meet then a pressing demand, and the failure to promptly deliver the machinery for shipment would inflict serious damages and loss upon the appellees. Subdivision 24, art. 1830, provides that suits against private corporations may be commenced in any county in which the cause of action, or a part thereof, arose. It is our view, as the appellant had stipulated and had issued a shipper's order bill of lading, thereby retaining in its possession the indices of title to the property shipped until the draft was paid at destination, shows that a part of the cause of action arose in Wichita county. It was not a completed contract until the delivery of title and the balance due was paid. The affidavit controverting the plea alleged and the facts show appellant refused to recognize the appellees' right to the bill of lading or property when it arrived at Wichita Falls, until the balance of the price evidenced by the

*John W Shartel*

draft at the bank was paid. It is reasonably certain there was a part performance of the contract in Wichita county. Until the contract had been fully executed there could be no cause of action for a breach thereof. It follows, therefore, we think, that part of the cause of action arose in that county, giving venue as to appellant, which was then a corporation, being sued for the breach. Equitable Mortgage Co. v. Weddington, 2 Tex. Civ. App. 373, 21 S. W. 576; Baker-Hanna Co. v. Kempner (Tex. Civ. App.) 204 S. W. 350; Cuero Cotton Oil Co. v. Feeders' Supply Co.' (Tex. Civ. App.) 203 S. W. 79; Kell Milling Co. v. Bank of Miami (Tex. Civ. App.) 155 S. W. 325; Floresville Oil, etc., v. Texas Refining Co., 55 Tex. Civ. App. 78, 118 S. W. 194; Cummer Mfg. Co. v. Kellam Bros. (Tex. Civ. App.) 203 S. W. 463; San Jacinto Life Insurance Co. v. Boyd (Tex. Civ. App) 214 S. W. 482; Aynesworth v. Peacock Military College (Tex. Civ. App.) 225 S. W. 866; Danciger v. Smith, 229 S. W. 909. The breach in part was the delay in delivering the drill, etc., in Wichita county to appellees.

We believe the judgment should be affirmed.