## CURLEE CLOTHING CO. v. WICKLIFFE.

### No. 3578.

Court of Civil Appeals of Texas. Amarillo.

March 25, 1931.

Rehearing Denied May 6, 1931.

J. R. Ogle and Smoot & Smoot, all of Wichita Falls, for appellant.

L. W. Allred, of Chillicothe, for appellee.

HALL, C. J.

The appellant clothing company sued the appellee Wickliffe in Wichita county to recover upon two promissory notes, one for the sum of $200 and the other for the sum of $173.31.

The notes are dated at Chillicothe, Tex., and are in the usual form, and when executed the place of payment was left blank. The uncontroverted testimony established the following facts: The appellant had an open account against Wickliffe for $573, which it placed in the hands of its attorney Ogle, residing in Wichita Falls, for collection. After some correspondence, Wickliffe agreed to pay $200 cash and give the two notes sued on for the remainder. Ogle sent the two blank notes, which were filled out by Wickliffe and returned to Ogle, and both notes, as stated, left the place of payment in the printed form blank. A few days after the receipt of the notes, Ogle filled the blanks by writing therein the words, "Wichita Falls," as the place of payment, and July 12th wrote Wickliffe stating what he had done and further that he had never taken notes that were payable at any other place than Wichita Falls and he hoped it would be satisfactory to Wickliffe. On July 16th, without replying directly to this letter, Wickliffe wrote Ogle thanking him for his courtesies, forbearance, etc., and inclosing a check for $200, which the drawee bank refused to pay. On the date the first note became due, defendant wrote Ogle, asking for additional time, promising payment, but mentioned that the check and notes were payable in Hardeman county. It does not appear that Wickliffe ever made any specific objection to the act of Ogle in filling the blanks in the two notes.

The court found that the defendant Wickliffe was living at Chillicothe at the time of the execution of the notes and since. The remaining findings are in accordance with the statement hereinbefore made.

Wickliffe filed his plea of privilege to be sued in Hardeman county, the county of his residence. The plaintiffs filed a controverting affidavit, alleging that the venue was properly laid in Wichita county, because the notes were payable there. The court concluded as a matter of law that filling in the place of payment which Wickliffe had left blank in the notes was a material alteration and had no force in fixing the venue in Wichita county, and sustained the plea of privilege.

The appellant has filed a lengthy brief, citing authorities principally upon the right of Ogle to fill in the blanks left in the notes by Wickliffe. There is some confusion in the Texas cases upon the right of a holder of a promissory note to fill in the blanks left by the maker, but in our opinion it is not necessary to decide this question in order to dispose of the principal contention.

R. S. art. 1995 provides that:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:. * * *

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

It may be admitted that the place of payment expressed in a negotiable note is a material part of the instrument, but the notes as executed were completed instruments when they left Wickliffe's hands, even though no place of payment had been written into the blank form. In that condition, under the law, they were payable in Hardeman county, which was the county of the maker's residence. Under this article of the statute there must be an express contract to pay a note in a county other than that of the maker's residence, or else the court must be able to say that the contract necessarily involves an obligation to perform in that county. Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715. A written contract which does not clearly provide for performance in a county other than that of the residence of the party for whose failure to perform suit is brought in another county does not discharge plaintiff's burden of establishing venue therein. Brooks Supply Co. v. Senter Bros. & Co. (Tex. Civ. App.) 245 S. W. 101; Ketner v. Radford Grocery Co. (Tex. Civ. App.) 299 S. W. 680.

It is held in Turner v. Ephriam (Tex. Civ. App.) 28 S.W.(2d) 608, and in General Motors Acceptance Corporation v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620, that under the statute prescribing that the maker must be sued in the county of his residence unless he has contracted to perform in a particular county, the place of performance other than the county of his residence must be expressly fixed at the time the contract between the parties is executed.

According to the tenor of the notes at the time the maker executed and mailed

them to Ogle, a suit thereon could be maintained only in Hardeman county. Without the knowledge or consent of the maker, the appellant's attorneys so altered the notes as ·to make them payable in Wichita county. The appellee never entered into any such contract, and under the statute which requires an express agreement, he cannot be held to answer in Wichita county, under the doctrine of ratification.

We think a correct judgment has been entered, and it is affirmed.