## RADIO EQUIPMENT CO. v. ANDERSON MUSIC CO.
### No. 914.

Court of Civil Appeals of Texas. Eastland. Nov. 20, 1931.

Rehearing Denied Dec. 18, 1931.

10, 1929, and therein the defendant was designated "Majestic distributor" and the plaintiffs, "dealer." The only provision of the contract deemed material to the case as presented is as follows: "The Majestic distributor agrees to sell to said dealer and said dealer agrees to buy exclusively from said distributor, Majestic radio products in accordance with the discounts quoted from manufacturer's list prices, all prices being F. O. B. distributor's warehouse." Plaintiffs' petition alleged that defendant was a corporation, with its principal office of business in Dallas, Dallas county, Tex. The defendant filed a plea of privilege on February 3, 1931. The court set same for hearing on February 20, 1931. On the day of the hearing, plaintiffs filed a "supplemental controverting affidavit," which appears in fact to be an amended controverting affidavit, and also filed their "first amended original petition." The parties agreed, as appears from the statement of facts, that the plea of privilege was to be applicable to the first amended original petition, which was expressly adopted as a part of the controverting affidavit and set out as an exhibit thereto.

The controverting affidavit alleged, as facts to show exceptions to the general rule of venue provided for in R. S. 1925, art. 1995, the following: (1) That defendant corporation had an agent and representative in Howard county; (2) that defendant, being a corporation, the cause of action, "at least a big portion thereof," arose in Howard county; (3) that the cause of action was based upon an active trespass committed in Howard county; (4) that the cause of action was primarily upon a violation of the anti-trust laws; and (5) "that goods were shipped at various times under the contract in question, such goods being shipped by order or bill of lading, and having attached thereto a sight draft through the West Texas National Bank, said drafts being paid and the goods delivered in Big Spring, Howard county, Texas, the county wherein this suit is filed, and further that the contract in question was made and executed in Howard county, the place where this suit is filed, and that this court has jurisdiction of this suit for the above reasons."

From an order of the court overruling the plea of privilege, the defendant has appealed.

■ Appellees' contention that the venue was maintainable in Howard county on the ground that their cause of action was primarily upon a violation of the anti-trust laws seems to us to scarcely merit any comment. We know of no such exception to the general rule of venue in the first place. Besides, in no correct sense can it be said that plaintiffs' cause of action was based upon a violation of the anti-trust laws. If it was, the fact could avail plaintiffs nothing, since that

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and Morrison & Morrison, of Big Spring, for appellant.

Wilburn Barcus, of Big Spring, for appellees.

FUNDERBURK, J.

V. T. and E. W. Anderson, a firm operating under the trade-name of Anderson Music Company, on November 26, 1930, brought this suit in the district court of Howard county against Radio Equipment Company, to recover damages for the alleged breach of a written contract. The contract was dated January

alone would effectually bar the recovery sought.

A simple reading of plaintiffs' petition is sufficient to dispose of the further contention that the venue was correctly laid on the ground that the cause of action was based upon a trespass committed in Howard county. The only cause of action alleged was for the failure or refusal of the defendant to sell plaintiff Majestic radio products as promised. That such a breach of alleged duty could not constitute an active trespass is too obvious to require discussion.

We have also concluded that there was no evidence of facts to support the allegations to the effect that defendant had an agent and representative in Howard county. The evidence claimed to raise this issue was the testimony of plaintiff E. W. Anderson. He testified, in substance and effect, that another dealer in town had Majestic radio products for sale; that witness did not know where he was getting same; that said dealer advertised in newspapers that they were authorized dealers or representatives of the Majestic radio; and that "the Majestic official publication, 'The Voice of the Air,'" gave the same information, namely, "that this man sells Majestic radios in the county." Clearly to our minds there was no evidence that the defendant had an agency or representative in Howard county within the meaning of R. S. 1925, art. 1995, subd. 23. The clear purport of the witness' testimony is that he used the terms "dealer" and "representative" interchangeably in the same sense, and of course proof that a dealer resided in Howard county would not authorize an inference that such dealer was an agent or representative. The contract sued on did not make the plaintiffs agents or representatives, and certainly the evidence did not show that any one else was more certainly such. We also think that most of this testimony was subject to the objection urged that it was wholly the declaration of the agent and therefore hearsay as to the defendant.

The evidence likewise wholly failed to show that the cause of action or any part thereof arose in Howard county. Specifically the contention was that the contract was made in Howard county, but Anderson testified: "I do not know where this particular contract in question was signed. I could not say whether it was signed in Dallas or not.

I don't remember." There was no other evidence.

It remains to consider whether the action of the court in overruling the plea of privilege can be sustained on the ground that some of the sales made under the contract were effectuated by means of shipping the goods to shipper's order, with directions to notify appellees, and by drawing the sight drafts with bills of lading attached and sending same to a bank in Howard county, with authority to deliver the bills of lading to appellees upon the payment of the drafts by them. Similar transactions have been held to be contracts providing for performance in the counties where the drafts are paid and bills of lading (representing the goods) are delivered. People's Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co. (Tex. Civ. App.) 182 S. W. 1163; Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A. L. R. 672; Floresville Oil & Mfg. Co. v. Texas Refining Co., 55 Tex. Civ. App. 78, 118 S. W. 194; Farmers' Seed & Gin Co., Inc., v. Brooks, —— S.W.(2d) ——,[1] by this court.

Regarding the transaction in question as such a contract, it is wholly immaterial to the question presented; this because such is not the contract in suit. The exception provided in subdivision 5 only applies when the obligation sought to be enforced by the suit is the one contracted to be performed in the particular county. The contract for the breach of which this suit is brought provides no place of performance. If, therefore, in making the sales contracted to be made, a new contract is made which provides the place of sale or time or place of delivery, it would not be inconsistent with the original contract. The subsequent contract cannot therefore be regarded as either a part of the original contract or a modification of same. They may both exist independently each of the other. If the contract in suit provides any place of performance, it is at the distributor's warehouse, which the evidence shows to be in Dallas county.

We have therefore concluded that the trial court erred in overruling the plea of privilege, for which reason the judgment should be reversed, and the cause transferred to one of the district courts of Dallas county, all of which is accordingly so ordered.

[1] Case certified to Supreme Court at date of publication.