## Charlie WILSON v. STATE.
### No. 15755.

Court of Criminal Appeals of Texas.
Dec. 14, 1932.

Geo. B. Butler, of Bryan, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is burglary; penalty assessed at confinement in the penitentiary for five years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

## DALLAS JOINT STOCK LAND BANK OF DALLAS, Appellant, v. UPTON and Roche, Appellees.
### No. 4255.

Court of Civil Appeals of Texas. Texarkana.
Oct. 6, 1932.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

R. E. Eubank and H. B. Birmingham, both of Paris, for appellees.

LEVY, J.

The plea of privilege to be sued in Dallas county, its domicile, was overruled, and the appellant has appealed.

The Joint Stock Land Bank is a body corporate with domicile in Dallas, Dallas county, Tex. The plea of privilege was in due form and filed timely. The appellees' controverting affidavit set up, as ground for venue in Lamar county, in substance, that a "commission of five per cent. was agreed to be paid" for the sale of the property, and "that all letters and communications were had with reference to said County of Lamar, State of Texas," and "that the said J. I. Rhodes whose bid of $10,000.00 for said property submitted by plaintiffs to defendant at the time of said transaction lived in Lamar County, Texas."

Although not definite in terms, yet the controverting affidavit may reasonably be considered as setting up by intendment that the appellees found a purchaser in Lamar county who accepted the terms of sale of the land.

The venue may be laid in Lamar county. Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; subdivision 23, art. 1995.

## D. D. HARRIS et ux. v. COMMERCIAL STANDARD INSURANCE CO.
### No. 2771.

Court of Civil Appeals of Texas. El Paso.
Dec. 22, 1932.

Bailey, Nickels & Bailey, of Dallas, for appellants.

Earl A. Forsythe and John C. Read, both of Dallas, for appellee.

HIGGINS, J.

Appellants have filed no brief herein. The record has been examined for fundamental error; finding none, the judgment is affirmed.

## Thomas MADISON v. J. C. PHELPS.
### No. 2751.

Court of Civil Appeals of Texas. El Paso.
Dec. 9, 1932.

Rehearing Denied Jan. 5, 1933.

Thomas G. Burke, of Dallas, for appellant.

Dallas C. Biggers, of Dallas (Carl C. Mays, of Dallas, of counsel), for appellee.

HIGGINS, J.

Appellant has filed no brief herein. In the exercise of the discretion vested in this court in such cases, the record has been examined for the purpose of ascertaining if fundamental error is apparent. Finding no such error, the judgment is affirmed.