### CURLEE CLOTHING CO. v. HALL, Chief Justice, et al.

### No. 1407—6044.

Commission of Appeals of Texas, Section B.
May 26, 1933.

Smoot & Smoot and J. R. Ogle, all of Wichita Falls, for relator.

LEDDY, Judge.

This is an original mandamus proceeding in which it is set forth in the petition for the writ that the decision of the Court of Civil Appeals for the Seventh Supreme Judicial District in the case of Curlee Clothing Company v. Wickliffe, 38 S.W.(2d) 175, is in conflict with several decisions of other Courts of Civil Appeals.

Relator's motion to certify the question involved in the above case was denied by the Court of Civil Appeals, and the Supreme Court is now asked to compel such certification by writ of mandamus.

The decision of the Court of Civil Appeals in the above case is made final by statute (Vernon's Ann. Civ. St. art. 1821); hence the mandamus must be granted if the conflict alleged in fact exists.

The question decided by the Court of Civil Appeals, about which complaint is made, arose in an appeal from an order of the county court at law of Wichita county, sustaining a plea of privilege urged by Wickliffe. It appears from the testimony taken on the hearing of the plea of privilege that Wickliffe was indebted to the Curlee Clothing Company upon an open account. The account was placed in the hands of an attorney, who notified Wickliffe that suit would be brought unless it were paid promptly. After some negotiations an adjustment was reached, by the terms of which Wickliffe agreed to pay the clothing company $200 and execute his two promissory notes for the balance of the account. The attorney for the latter company sent Wickliffe two blank forms of promissory notes, with the direction that he fill out these notes for the amount agreed upon and return them with his check for $200. A short time thereafter the notes were returned by Wickliffe to the company, properly filled out with the exception that the blanks for place of payment in the notes were left unfilled. Wickliffe, however, failed to send with said notes the agreed cash payment. Mr. Curlee's attorney, upon receiving the notes, wrote Wickliffe, calling attention to his failure to send the cash payment, and notifying him that suit would be instituted unless prompt remittance was made. His letter concluded as follows: "I note in preparing these notes for me that you did not provide any place that they were to be made payable. Naturally, I expect them to be made payable at Wichita Falls. I have filled this in accordingly, as I never handle any notes unless made payable here. Please state whether or not this is agreeable." Wickliffe received this letter, and a few days later sent his check to Curlee's attorney, accompanied by the following letter: "Enclosed find check for Curlee acct. I would have sent it yesterday but I went down to East Texas Sunday to sell some property to be able to pay it and lost about 500 on it thanks to Curlee's impatience. Thanking you very much for your consideration, I am yours truly."

The trial court, after a hearing, sustained the plea of privilege and ordered the case transferred to Hardeman county, the place of Wickliffe's residence. It was found by the trial court, from the evidence adduced on said hearing, that nothing was said between the parties as to the place of payment at the time the notes were signed by Wickliffe or prior thereto.

The Court of Civil Appeals affirmed the judgment of the trial court sustaining Wickliffe's plea of privilege to be sued in Hardeman county. This holding was based upon the fact that it appeared from the correspondence between the parties that Wickliffe never entered into any contract performable in Wichita county; and under the statute, which requires an express agreement, he could not be held to answer in said county under the doctrine of ratification.

This holding is in direct conflict with the rulings made by the Court of Civil Appeals for the Fifth District in the case of Dickinson v. Carter, 246 S. W. 739, and by the Court of Civil Appeals for the Sixth District in the case of Perkins v. Norris, 25 S.W.(2d) 979, 981. In the first-named case it appears that an order for a shipment of coal was accepted by a reply which specified that payment was to be made at Dallas. No direct answer was made by the buyer to this proposition, but a letter was written by him indicating that he intended to go on with the transaction. Under such state of facts the Court of Civil Appeals held that venue was properly laid in Dallas county, because the stipulation of the place of payment had been ratified by the buyer's acquiescence in the condition laid down in the reply. In the last-named case it was held that one could ratify a contract to be performed in a particular county and that venue could properly be laid on such ratification. In deciding this question the court said: "If the appellant ratified [the contract with Brooks], his liability would be precisely the same as would arise from his own signature or that of an authorized agent—a promise to pay in Hunt county."

Since the ruling of the Court of Civil Appeals complained of is in direct conflict with those made in the two cases discussed, the

appellant's motion to certify the question involved to the Supreme Court should have been sustained.

We recommend that the writ of mandamus prayed for be granted.

CURETON, Chief Justice.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.